# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF RIVIERA BEACH GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACQUARIE INFRASTRCUTURE CORPORATION, JAMES HOOKE, JAY DAVIS, LIAM STEWART, and RICHARD D. COURTNEY,<br><br>Defendants. | No. 1:18-cv-03608-VSB<br><br>ECF CASE |
| DANIEL FAJARDO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff(s),<br><br>v.<br><br>MACQUARIE INFRASTRCUTURE CORPORATION, JAMES HOOKE, JAY DAVIS, LIAM STEWART, and RICHARD D. COURTNEY,<br><br>Defendants. | No. 1:18-cv-03744-VSB<br><br>ECF CASE |

## MEMORANDUM IN SUPPORT OF MOTION OF THE SELZ FUNDS FOR:
### (1) CONSOLIDATION OF RELATED CASES;
### (2) APPOINTMENT AS LEAD PLAINTIFFS; AND (3) APPROVAL
### OF SELECTION OF LEAD COUNSEL FOR THE CLASS

## TABLE OF CONTENTS

**Page(s)**

I.     PRELIMINARY STATEMENT ................................................................. 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ...................................... 2

III.   ARGUMENT ........................................................................................ 4

       A.     The Selz Funds Should Be Appointed Lead Plaintiffs ................................ 4

              1.     The Selz Funds Have Satisfied the PSLRA's Procedural Requirements ... 4

              2.     The Selz Funds Believe They Have the Largest Financial Interest ........... 5

              3.     The Selz Funds Otherwise Satisfy The Requirements Of Rule 23 Of The
                     Federal Rules of Civil Procedure ................................................. 6

       B.     The Court Should Approve the Selz Funds' Choice Of Lead Counsel ................. 9

       C.     The Related Actions Should Be Consolidated .................................... 10

IV.    CONCLUSION .................................................................................... 11

## TABLE OF AUTHORITIES

**Cases**

*Aude v. Kobe Steel, Ltd.*
   No. 17-CV-10085 (VSB), 2018 WL 1634872, at *2 (S.D.N.Y. Apr. 4, 2018) ...... 4, 5, 7, 8

*City of Monroe Emps. Ret. Sys. v. Hartford Fin. Servs. Group Inc.*
   269 F.R.D. 291 (S.D.N.Y. 2010) .................................................................... 5

*Glauser v. EVCI Career Colleges Holding Corp.*
   236 F.R.D. 184 (S.D.N.Y. 2006) .......................................................... 4, 7, 8, 9

*In re Cendant Corp. Sec. Litig.*
   404 F.3d 173 (3d Cir. 2005) ........................................................................ 9

*In re eSpeed, Inc. Sec. Litig.*
   232 F.R.D. 95 (S.D.N.Y. 2005) .............................................................. 4, 5, 8

*In re Initial Pub. Offering Sec. Litig.*
   214 F.R.D. 117 (S.D.N.Y. 2002) .................................................................. 7

*In re MicroStrategy Inc. Sec. Litig.*
   110 F. Supp. 2d 427 (E.D. Va. 2000) ......................................................... 11

*In re Olsten Corp. Sec. Litig.*
   3 F.Supp.2d 286 (E.D.N.Y. 1998) ............................................................... 7

*In re Rent-Way Sec. Litig.*
   305 F.Supp.2d 491 (W.D. Pa. 2003) .......................................................... 10

*In re Tronox, Inc. Sec. Litig.*
   262 F.R.D. 338 (S.D.N.Y. 2009) .................................................................. 9

*Johnson v. Celotex Corp.*
   899 F.2d 1281 (2d Cir. 1990) ................................................................... 10

*Kaplan v. Gelfond*
   240 F.R.D. 88 (S.D.N.Y. 2001) ................................................................. 11

*Karvaly v. eBay, Inc.*
   245 F.R.D. 71 (E.D.N.Y. 2007) .................................................................. 7

*Lax v. First Merchs. Acceptance Corp.*
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug,. 11, 1997) ........................... 5

*Micholle v. Ophthotech Corp.*
   No. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ............ *passim*

*Phuong Ho v. NQ Mobile, Inc.*
   No. 13 CIV. 8125 WHP, 2014 WL 1389636 (S.D.N.Y. Apr. 9, 2014) ................ 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*
   229 F.R.D. 395 (S.D.N.Y. 2004) .................................................................. 5

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*
   68 F. Supp. 3d 390 (S.D.N.Y. 2014) ...................................................... 5, 6, 8

*Richman v. Goldman Sachs Grp., Inc.*
   274 F.R.D. 473 (S.D.N.Y. 2011) ............................................................. 11

*Sgalambo v. McKenzie*
   268 F.R.D. 170 (S.D.N.Y. 2010) ............................................................. 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*
   589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...................................................... 5

*Weiss v. Friedman, Billings, Ramsey Grp., Inc.*
   No. 05-CV-04617 (RJH), 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006) ............ 6

*Werner v. Satterlee, Stephens, Burke & Burke*
   797 F. Supp. 1196 (S.D.N.Y. 1992) ......................................................... 11

**Statutes, Rules and Regulations**

15 U.S.C. §78j(b) ..................................................................................... 1

15 U.S.C. §78t(a) ..................................................................................... 1

15 U.S.C. §78u-4(a)(3)(A) ..................................................................... 4, 5

15 U.S.C. §78u-4(a)(3)(B) ................................................................. *passim*

15 U.S.C. §78u-4(e)(1) ............................................................................. 6

17 C.F.R. §240.10b-5 ............................................................................... 1

Federal Rules of Civil Procedure
   Rule 23 ............................................................................................. 2, 6

   Rule 42(a) ........................................................................................... 10

Securities Exchange Act of 1934
   Section 10(b) ........................................................................................ 1

   Section 20(a) ........................................................................................ 1

**Other Authorities**

1995 U.S.C.C.A.N. 679, 690 ...................................................................... 9

H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995) ............... 9

Karnak Partners, L.P., the Selz Family 2011 Trust, the Bernard Selz Revocable Trust, the Bernard T. Selz 2008 15-Year Charitable Lead Annuity Trust, the Bernard T. Selz 2008 20-Year Charitable Lead Annuity Trust, Selz Capital LLC, and the Lisa Pagliaro Selz Revocable Trust (collectively the "Selz Funds") respectfully submit this memorandum of law in support of their motion for: (1) consolidation of all related actions; (2) appointment of the Selz Funds as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(3)(B)) (the "PSLRA"); (3) approval of their selection of the law firm of Cera LLP as Lead Counsel for the Class; and (4) granting further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

Presently pending before this Court are at least two (2) related securities class action lawsuits (the "Actions") brought on behalf of all purchasers of defendant Macquarie Infrastructure Corporation ("Macquarie" or the "Company") common stock from February 22, 2016 through February 21, 2018 (the "Class Period").  The Actions allege  violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), as amended by the PSLRA.  Throughout the Class Period, defendants are alleged to have issued false and misleading statements of material fact and omitted to disclose material adverse information about the storage utilization of its tank terminal storage business, Macquaries's most important business segment, and the sustainability of the Company's dividend to shareholders.

At this time, the Court is called upon to appoint a Lead Plaintiff and Lead Counsel, pursuant to the PSLRA.  As shown herein, the Selz Funds are the "most adequate plaintiffs" under the PSLRA to serve as Lead Plaintiffs on behalf of investors harmed by the alleged fraud. The Selz Funds believe they have the largest financial interest in this litigation.  The Selz Funds

also satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of those of the other Class members and they will adequately represent the Class.  The Selz Funds include sophisticated institutional investors and are therefore the type of Lead Plaintiffs desired by Congress when it enacted the PSLRA.  Accordingly, the Selz Funds should be appointed Lead Plaintiffs and their chosen counsel, Cera LLP, should be approved as lead counsel.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Macquarie owns and operates a diversified portfolio of businesses that provide services to other businesses, government agencies, and individuals in the United State and are organized into four segments: (1) International-Matex Tank Terminals (IMTT); (2) Atlantic Aviation; (3) Contracted Power; and (4) MIC Hawaii.  The allegations underlying the Actions arise from Defendants' misrepresentations and material omissions related to its IMTT business and the sustainability of the Company's dividend to shareholders.  The Company claims that IMTT is one of the larger independent providers of bulk liquid terminal services in the U.S., based on capacity.  IMTT purports to handle products for a diverse range of domestic and foreign markets and end users.  IMTT professes to store or handle primarily refined petroleum products, various commodity and specialty chemicals, renewable fuels and vegetable and tropical oils (collectively liquid commodities).  IMTT states that crude oil constitutes an immaterial portion of IMTT's overall storage and handling operations.  IMTT maintains it operates a network of 19 terminals including 17 in the U.S. and two in Canada (one partially owned) with principal operations in the New York Harbor market and on the Lower Mississippi River.  IMTT is Macquarie's most

important business segment.[1]  Macquarie is a Delaware corporation headquartered in New York, New York.  Its NYSE trading symbol is "MIC."

The Actions are class actions brought on behalf of persons and/or entities who purchased or acquired Macquarie common stock during the Class Period seeking to pursue remedies under the federal securities laws.  The Actions allege that the defendants issued false statements and omissions masking the material risks to IMTT of shifting commodity demands and the resultant impact to the Company's dividend.

Throughout the Class Period, the Actions allege that the Company emphasized IMTT's "very strong" performance and "high" utilization rates.  Defendants further represented that any declines in storage utilization were temporary and its "good visibility" into "macroeconomic factors influencing supply and demand more broadly" as evidence of IMTT's stability.  All the while, Defendants failed to disclose the specific products stored at IMTT's facilities, thereby preventing investors from determining the impact industrywide changes in commodities demand was having on IMTT's business.  Specifically, the Company omitted to disclose to investors the IMTT's dependence on heavy residual oils, the use of which had been in material decline for years prior to the start of the Class Period.  Rather, the Company downplayed its exposure to fluctuations in the use of petroleum products, assuring investors that IMTT had "no commodity exposure directly."  Macquarie also falsely assured investors about the sustainability of the Company's historically high dividend.  As a result of these undisclosed facts, it is alleged that defendants' Class Period-statements were materially false and misleading.

On February 21, 2018, after the markets had closed, Macquarie issued a press release reporting revenue for the fourth quarter of 2017 below analysts' projections and announcing that

---

[1]   In 2017, the total assets ($ in millions) for the 4 segments were: (1) IMTT—$4,109.4; (2) Atlantic Aviation—$1,710.5; (3) Contracted Power—$1,617.7; and (4) MIC Hawaii—$532.1.

the Company would be slashing its dividend by 31%.  Macquarie blamed its poor performance

on the declining use of heavy residual oils.  In response to the disclosure of the true state of the

Company's dependence on residual products with increasingly lower demand and the

concomitant inability to sustain its high dividend, Macquarie stock price fell over 41 percent, to

close at $37.41 per share following the next trading session on February 22, 2018.  These

securities class actions were then filed.

**III.   ARGUMENT**

      **A.   The Selz Funds Should Be Appointed Lead Plaintiffs**

The Selz Funds respectfully submit that they should be appointed Lead Plaintiffs because

they are the movants "most capable of adequately representing the interests of class members."

15 U.S.C. §78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption that the "most adequate

plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and

that "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018

WL 1634872, at *2 (S.D.N.Y. Apr. 4, 2018) (Broderick, J.)*; Glauser v. EVCI Career Colleges

Holding Corp.*, 236 F.R.D. 184, 187-89 (S.D.N.Y. 2006); *In re eSpeed, Inc. Sec. Litig.*, 232

F.R.D. 95, 97-98 (S.D.N.Y. 2005).  Applying these standards, the Selz Funds should be

appointed.

      **1.   The Selz Funds Have Satisfied the PSLRA's Procedural
Requirements**

The Selz Funds filed this motion to serve as Lead Plaintiffs in a timely manner.  Pursuant

to 15 U.S.C. §78u-4(a)(3)(A)(i), notice regarding the pendency of this case was published on *PR

Newswire*, a widely-circulated, national news reporting wire service, on April 24, 2018.  *See*

Declaration of Solomon B. Cera ("Cera Decl."), Exhibit A, filed herewith.  Thus, pursuant to the

PSLRA, any member of the proposed class may apply to be appointed Lead Plaintiff within sixty days after publication of the notice, that is, June 25, 2018. The Selz Funds have filed their motion within the required time frame. 15 U.S.C. §78u-4(a)(3)(A)(ii); *Aude*, 2018 WL 1634872, at *2; City *of Monroe Emps. Ret. Sys. v. Hartford Fin. Servs. Group Inc.*, 269 F.R.D. 291, 293 (S.D.N.Y. 2010).

### 2.     <u>The Selz Funds Believe They Have the Largest Financial Interest</u>

The Selz Funds should be appointed Lead Plaintiffs because they believe they have the largest financial interest among those seeking appointment as Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(B)(iii)(bb). "In this District, courts use the four-factor test first adopted in *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug,. 11, 1997), when determining the party with the largest financial interest: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate financial losses suffered.." *Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *5 (S.D.N.Y. Mar. 13, 2018) (Broderick, J.) (citing *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 397 (S.D.N.Y. 2014); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394-95 (S.D.N.Y. 2008); *In re eSpeed*, 232 F.R.D. at 100; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404 (S.D.N.Y. 2004)). Of the four factors, financial loss is considered the most significant factor. *Micholle*, 2018 WL 1307285, at *5 (citing *Reitan*, 68 F. Supp. 3d at 395; *Weiss v. Friedman, Billings, Ramsey Grp., Inc.*, No. 05-CV-04617 (RJH), 2006 WL 197036, at *2 (S.D.N.Y. Jan. 25, 2006)). Based on these factors, the Selz Funds believe they have the largest financial interest in the outcome of this lawsuit.

As the Selz Funds' Certificates of Plaintiff indicate, annexed as Exhibit B to the Cera Decl., they purchased 59,118 Macquarie common shares during the Class Period.  The Selz Funds did not sell any shares until after the close of the market and the final disclosure on February 21, 2018.  Therefore, the net shares purchased are also 59,118.  The Selz Funds had a net expenditure during the Class Period of $4,340,945 for Macquarie common shares and suffered a loss of $2,066,084.36 on a FIFO or LIFO basis.[2]

The Selz Funds' financial interest in this litigation can be summarized as follows:

| FACTOR | SELZ FUNDS |
|---|---|
| Total Purchases | 59,118 shares |
| Net purchases | 59,118 shares |
| Net expenditures | $4,340,945 |
| FIFO loss ("first in, first out") | $2,066,084.36 |
| LIFO loss ("last in, first out") | $2,066,084.36 |

Based on these numbers, the Selz Funds believe that they have the largest financial interest of any movant seeking appointment as Lead Plaintiff and should therefore be appointed.

### 3.    The Selz Funds Otherwise Satisfy The Requirements Of Rule 23 Of The Federal Rules of Civil Procedure

The Selz Funds should be appointed Lead Plaintiffs because they also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.[3]  A Lead Plaintiff movant

---

[2]    These losses apply a 90-day look back price pursuant to 15 U.S.C. §78u-4(e)(1).  If the losses for the Selz Funds are calculated using MIC's closing price on June 25, 2018 of $42.33, the losses are $1,838,480.06.

[3]    The Selz Funds consist of seven (7) related entities.  All seven entities purchased the securities used to calculate their losses for purposes of this motion.  Six (6) of the entities are controlled by Bernard Selz, who has decision making authority over the purchase and sale of Macquarie stock by members of the Selz Funds.  These six entities include: Karnak Partners, L.P., a hedge fund, for which Mr. Selz serves as the managing member of the General Partner; Selz Capital LLC, an investment advisor that also trades its own operating capital, for which Mr.

"need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *Glauser*, 236 F.R.D. at 188 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 296 (E.D.N.Y. 1998)); *see also Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (same).  The Selz Funds unquestionably satisfy both requirements in this case.

"With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise." *Aude*, 2018 WL 1634872, at *3 (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002).  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be factually identical.  *See Karvaly v. eBay, Inc.*, 245 F.R.D. 71, 82 (E.D.N.Y. 2007); *see also Aude*, 2018 WL 1634872 at *3 ("While the need not be identical, it must substantially similar to the other members' claims").

The Selz Funds purchased their Macquarie shares during the Class Period and their claims arise from the same course of misconduct as the claims of the other Class members *i.e.*, the artificial inflation and consequent market correction of Macquarie shares caused by defendants' false representations and omissions.  *Glauser*, 236 F.R.D. at 188-89 (finding a Lead Plaintiff movant's claim to be typical where the movant "like all class members, (1) purchased or acquired EVCI securities during the proposed class period, (2) at prices allegedly artificially inflated by Defendants' false and misleading statements and/or omissions, and (3) suffered

---

Selz is the managing member; and two charitable annuity trusts, a revocable trust, and a family trust for which the settlor is Mr. Selz.  *Phuong Ho v. NQ Mobile, Inc.*, No. 13 CIV. 8125 WHP, 2014 WL 1389636, at *5 (S.D.N.Y. Apr. 9, 2014) (finding trusts and individual retirement accounts to be an appropriate group for purposes of lead plaintiff appointment).  The seventh entity is the revocable trust for which Mr. Selz's wife is the settlor and for which Mr. Selz has trading authority.  *Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *8 (S.D.N.Y. Mar. 13, 2018) (Broderick, J.)(finding a married couple to be properly considered a plaintiff group).

damages thereby"); *In re eSpeed*, 232 F.R.D. at 102 (finding a Lead Plaintiff movant's claim to be typical where "[m]embers of the class claim to have been injured by a fraudulent inflation of eSpeed's stock price" and the movant "makes the same claim").

"The adequacy requirement is satisfied where the proposed lead plaintiff 'adequately protects the interests of the class." *Aude*, 2018 WL 1634872 at*4 (quoting Fed. R. Civ. P. 23(a)(4)).  "The presumptive lead plaintiff meets this requirement when he or she: (1) has no conflict of interest with the other members of the class; (2) has sufficient interest in the outcome of the case, and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question.  *Id.* (citing *Reitan v. Chine Mobile Games & Entm't Grp., Ltd.,* 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014).  The Selz Funds satisfy each of these elements of the adequacy requirement.  The Selz Funds and the Class seek to recover losses caused by Defendants' alleged violations of the federal securities laws.  Their interests are aligned with those of the other Class members and are not antagonistic in any way.  There are no facts suggesting that any actual or potential conflict of interest exists between the Selz Funds and other Class members.  The Selz Funds are not subject to impediments or unique defenses and there is no evidence that they seek anything other than the largest possible recovery for the class.

The Selz Funds have also submitted Certifications affirming their understanding of the duties owed to Class members through their commitment to oversee the prosecution of this class action.  *See* Cera Decl., Exhibit B and C.  Through these Certifications, the Selz Funds have accepted the fiduciary obligations undertaken by a Lead Plaintiff.

In addition, included among the Selz Funds are the type of Lead Plaintiffs envisioned by Congress in its enactment of the PSLRA: sophisticated institutional investors with a real financial stake in the litigation.  *See* H.R. Conf. Rep. No. 104-369, at 34, 104th Cong. 1st Sess.

(1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *see also Micholle*, 2018 WL 1307285, at *6 ("courts have a preference for appointing institutional investors as lead plaintiffs"); *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005); *Glauser*, 236 F.R.D. at 188.

The Selz Funds have further demonstrated their adequacy through their selection of Cera LLP as Lead Counsel to represent the Class.  Cera LLP is highly qualified and has demonstrated for decades its ability to effectively litigate complex securities class action cases.

### B.   The Court Should Approve the Selz Funds' Choice Of Lead Counsel

The Court should approve the Selz Funds' choice of Cera LLP to serve as Lead Counsel. Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the Lead Plaintiff is to select and retain Lead Counsel to represent the Class, subject to Court approval.  For more than 50 years, Cera LLP and its predecessors have played a leading role in significant securities cases, and have recovered more than $2 billion for their clients in complex class action litigation.  A copy of the firm's resume is attached to the Cera Decl. as Exhibit C.  Cera LLP has the requisite experience and resources to obtain an excellent result for the Class.  *See* Cera Decl., Exhibit C.  *E.g., In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 345 (S.D.N.Y. 2009) (approving Cera LLP's immediate predecessor as lead counsel in a PSLRA class action).[4]  Recently, Judge Pauley of this Court approved appointment of Cera LLP as lead counsel in a PSLRA class action, *Gruber v. Gilbertson, et al.,* No. 16-cv-09727-WHP (S.D.N.Y.).  Moreover, the Firm recently obtained preliminary approval of a $29 million proposed class action settlement of monopolization claims in a highly complex

---

[4]   The Firm changed its name from Gold Bennett Cera & Sidener LLP to Cera LLP as of 2015.

antitrust class action in this Court.  *See Merced Irrigation District v. Barclays Bank PLC*, No. 15-cv-04878-VM (S.D.N.Y.) ECF No. 90.  As reflected in the Firm's resume, Cera LLP has been appointed lead counsel in numerous complex securities and antitrust class actions.  As the court in *In re Rent-Way Sec. Litig.*, 305 F.Supp.2d 491, 515 (W.D. Pa. 2003), a securities fraud class action stated:

> Having thus initially expressed our confidence in [Cera LLP's] abilities, the Court has not since been disappointed. On the contrary, [Cera LLP] have shown themselves to be attorneys of the highest caliber, at all times prosecuting this action with a high degree of skill and professionalism.

Accordingly, the Court should approve the Selz Funds' selection of Cera LLP as Lead Counsel for the Class.[5]

### C.     The Related Actions Should Be Consolidated

"Under Federal Rule of Civil Procedure Rule 42(a), when separate actions before a court involve a common question of law or fact, a court is empowered to 'consolidate the actions.'" *Micholle*, 2018 WL 1307285 at *3 (quoting Fed. R. Civ. P. 42(a)(2)).  *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).  In addition, the Exchange Act provides that consolidation should occur where, as here, multiple actions assert "substantially the same claim."  15 U.S.C. §78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Grp., Inc.,* 274 F.R.D. 473, 475 (S.D.N.Y. 2011).  The actions need not be identical.  *Kaplan v. Gelfond*, 240 F.R.D. 88, 91-92 (S.D.N.Y. 2001) (different class periods and defendants do not preclude consolidation). Therefore, courts routinely consolidate securities class actions arising from the same alleged false and misleading statements.  *Werner v. Satterlee, Stephens, Burke & Burke*, 797 F. Supp.

---

[5]     Cera LLP will work with the highly esteemed firm of Kaplan Fox & Kilsheimer LLP on this litigation, who have been retained as local counsel.  The firms have worked together for decades on complex litigation.

1196, 1211 (S.D.N.Y. 1992); *Micholle*, 2018 WL 1307285 at *3, *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports") (internal quotations omitted).

There are two related cases pending before this Court:

| Case Name | Original Case Number | Date Filed |
|---|---|---|
| *City of Riviera Beach General Employees Retirement System v. Macquarie Infrastructure, Corp., et al.* | 1:18-cv-03608-VSB | April 23, 2018 |
| *Fajardo v. Macquarie Infrastructure, Corp., et al.* | 1:18-cv-03744-VSB | May 1, 2018 |

Here, the above-captioned actions all relate to alleged artificial price inflation in Macquarie's securities during the Class Period and present common questions of fact.  Given the overlapping facts and common defendants, consolidation will conserve judicial resources and promote the efficient prosecution of the claims.  *Kaplan*, 240 F.R.D. at 92.  Accordingly, the above-captioned actions and any other related cases transferred to this Court should be consolidated for all purposes.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, the Selz Funds respectfully request that the Court: (1) consolidate all related actions; (2) appoint the Selz Funds as Lead Plaintiffs pursuant to the PSLRA; and (3) approve the Selz Funds' selection of the law firm of Cera LLP as Lead Counsel for the Class.

Dated: June 25, 2018                     Respectfully submitted,

                                         **KAPLAN FOX & KILSHEIMER LLP**

                                         By: */s/Robert N. Kaplan*
                                         Robert N. Kaplan
                                         Jeffery P. Campisi
                                         850 Third Avenue, 14th Floor
                                         New York, NY 10022
                                         Tel: (212) 687-1980
                                         Fax: (212) 687-7714
                                         Email: rkaplan@kaplanfox.com
                                         Email: jcampisi@kaplanfox.com

                                         Attorneys for Movants

                                       **CERA LLP**
                                         Solomon B. Cera (scera@cerallp.com)
                                         (*Pro Hac Vice* forthcoming)
                                         Thomas C. Bright (tbright@cerallp.com)
                                         (*Pro Hac Vice* forthcoming)
                                         595 Market Street, Suite 2300
                                         San Francisco, California 94105
                                         Tel: ( 415) 777-2230
                                         Fax: (415) 777-5189
                                         Email: scera@cerallp.com
                                         Email: tbright@cerasllp.com

                                         Proposed Lead Counsel for the Class

**CERTIFICATE OF SERVICE**

I, Jeffrey P. Campisi, liaison counsel for the Plaintiff, hereby certify that on June 25, 2018, I filed the foregoing with the Clerk of the Court using the Court's CM/ECF system which will send electronic notification of such filing to all counsel of record in the within action. Furthermore, a copy of the foregoing was delivered to all counsel of record in the related actions via electronic mail.

/s/Jeffrey P. Campisi
Jeffery P. Campisi