**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF RIVIERA BEACH GENERAL EMPLOYEES RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACQUARIE INFRASTRUCTURE CORPORATION, JAMES HOOKE, JAY DAVIS, LIAM STEWART, and RICHARD D. COURTNEY,<br><br>Defendants. | Civil Action No. 1:18-cv-03608-VSB<br><br>CLASS ACTION |
| DANIEL FAJARDO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MACQUARIE INFRASTRUCTURE CORPORATION, JAMES HOOKE, JAY DAVIS, LIAM STEWART, and RICHARD D. COURTNEY,<br><br>Defendants. | Civil Action No. 1:18-cv-03744-VSB<br><br>CLASS ACTION |

**MEMORANDUM OF LAW OF MOAB PARTNERS, L.P. IN FURTHER SUPPORT OF
ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF,
APPROVAL OF ITS SELECTION OF LEAD COUNSEL,
AND CONSOLIDATION OF RELATED ACTIONS
AND IN OPPOSITION TO COMPETING MOTIONS**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...........................................................................................ii

PRELIMINARY STATEMENT ..................................................................................... 1

ARGUMENT ................................................................................................................. 3

    A.    Moab Is The Most Adequate Plaintiff .................................................... 3

        1.    Moab Has The Largest Financial Interest In The Relief Sought By The Class ................................................................................................4

        2.    Moab Otherwise Satisfies the Relevant Requirements of Rule 23 .............5

        3.    The Presumption That Moab Should Be Appointed Lead Plaintiff Cannot Be Rebutted ...............................................................................6

    B.    Moab's Selection Of Lead Counsel Should Be Approved ..................................... 7

    C.    The Related Actions Should Be Consolidated ........................................................ 7

CONCLUSION................................................................................................................ 7

# TABLE OF AUTHORITIES

CASES                                                                              PAGE(S)

*In re Cavanaugh,*
    306 F.3d 726 (9th Cir. 2002) ............................................... 3, 4

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001) ............................................... 4, 6

*Faig v. BioScrip, Inc.,*
    No. 13 Civ. 06922(AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013) ............... 5, 7

*Glauser v. EVCI Career Colls. Holding Corp.,*
    236 F.R.D. 184 (S.D.N.Y. 2006) ............................................. 2

*OFI Risk Arbitrages v. Cooper Tire & Rubber Co.,*
    63 F. Supp. 3d 394 (D. Del. 2014) .......................................... 6

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
    216 F.R.D. 248 (S.D.N.Y. 2003) ............................................. 3

*Woburn Ret. Sys. v. Salix Pharm., Ltd.,*
    No. 14-CV-8925 (KMW), 2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ............... 4, 5

STATUTES AND RULES

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................. 1, 3, 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ......................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ......................................... 5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) ............................................ 2, 3, 5, 6

15 U.S.C. § 78u-4(a)(3)(B)(v) .................................................. 7

Fed. R. Civ. P. 23 ............................................................. 2, 3, 4, 5, 6

Fed. R. Civ. P. 42(a) .......................................................... 7

OTHER AUTHORITIES

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) .......... 3, 5

## PRELIMINARY STATEMENT

Moab is the presumptive Lead Plaintiff in this litigation by virtue of the significant loss of approximately ***$14.8 million*** on a FIFO basis and ***$11.5 million*** on a LIFO basis that it incurred on its investments in Macquarie.[1] That loss gives Moab the largest financial interest in this litigation, which qualifies it as the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Moab's approximately $11.5 million LIFO loss is far larger than the loss of the sole remaining movant seeking appointment as Lead Plaintiff, which does not have a financial interest in this action that even approaches Moab's financial interest, as shown in this chart:

| MOVANT | FIFO | LIFO |
|---|---|---|
| 1)  **Moab Partners, L.P.** | **$14,865,379** | **$11,556,196** |
| 2)  **Municipal Employees' Retirement System of Michigan** | **$4,283,014** | **$4,283,014** |
| Karnak Partners, L.P. | $795,783 | $795,783 |
| Lisa Pagliaro Selz Revocable Trust | $744,060 | $744,060 |
| The Selz Family 2011 Trust | $380,574 | $380,574 |
| The Bernard Selz Revocable Trust | $51,277 | $51,277 |
| The Bernard Selz 2008 20-Year Charitable Lead Annuity Trust | $42,189 | $42,189 |
| The Bernard T. Selz 2008 15-Year Charitable Lead Annuity Trust | $38,117 | $38,117 |
| Selz Capital LLC | $14,085 | $14,085 |
| 3)  **Selz Funds Total:**[*] | **$2,066,084** | **$2,066,084** |
| 4)  **Thomas J. Stone Trust**[*] | **$400,304** | **$400,304** |
| 5)  **James Goetz**[*] | **$288,493** | **$288,493** |
| 6)  **Paul Arthur Reimer**[*] | **$245,070** | **$245,070** |

---

[1] All capitalized terms are defined in Moab's initial brief, unless otherwise noted. *See* ECF No. 36.

[*] Thomas J. Stone Trust and James Goetz withdrew their motions in recognition that they do not have the largest financial interest (ECF Nos. 38, 41); Mr. Reimer filed a notice recognizing that he lacks the largest financial interest and "does not oppose the competing motions" (ECF No. 39); and the Selz Funds admit that they "do not possess the 'largest financial interest'" (ECF No. 40).

Under any measure, Moab is the presumptive Lead Plaintiff in this action. Moab suffered losses under both FIFO and LIFO that are ***approximately three times greater*** than the losses of the Municipal Employees' Retirement System of Michigan ("MERS"), the movant with the next largest loss. In addition, Moab's losses are ***twice as large*** under both FIFO and LIFO as all other Lead Plaintiff movants' losses ***combined***.  In recognition that they do not have the largest financial interest of any movant, four competing Lead Plaintiff movants either withdrew (Thomas J. Stone Trust, ECF No. 38; James Goetz, ECF No. 41) or do not oppose Moab's motion (Paul Arthur Reimer, ECF No. 39; Selz Funds, ECF No. 40).

Moab also satisfies the typicality and adequacy requirements of Rule 23, and is perfectly situated to represent all Class members because it alleges the same fraud and suffered the same type of injury when the revelation of the truth caused a sharp decline in the price of Macquarie securities.

Because Moab has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, it is entitled to a strong presumption that it is the most adequate plaintiff. Under the PSLRA, that presumption can be rebutted only "upon ***proof***" that Moab is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such "proof" exists, and there are no grounds to challenge Moab's typicality or adequacy. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [presumptive lead plaintiff] ***might*** be subject to a later attack by Defendants") (emphasis in original).

To the contrary, Moab is the paradigmatic Lead Plaintiff envisioned by Congress. *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit

shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, Moab has shown it will serve as an outstanding advocate on behalf of Macquarie investors by taking several important steps to hold the Company and its Board of Directors responsible for the wrongdoing alleged in this action. Specifically, and as set forth below, Moab actively campaigned to reconstitute Macquarie's Board of Directors in light of the "material misrepresentations" by Macquarie executives that are at the heart of this action—demonstrating Moab's commitment and ability to protect the best interests of Macquarie shareholders.

Accordingly, Moab should be appointed Lead Plaintiff, its motion should otherwise be granted, and the competing motions should all be denied.

## ARGUMENT

### A.   Moab Is The Most Adequate Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest must make only a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements. "In fact, a 'wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citation omitted).

Once this presumption is triggered, it can be rebutted only upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added); *see also In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (noting that the fact that the presumption is "rebuttable does not mean that it may be set

3

aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption 'may be rebutted only upon proof.'"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question whether that movant 'otherwise satisfies the requirements of Rule 23'"). In assessing whether the presumption is rebutted, the PSLRA does not "authorize the district judge to examine the relative merits of plaintiffs seeking lead status on a round-robin basis." *Cavanaugh*, 306 F.3d at 732. Instead, "[t]he statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *Id*.

### 1. Moab Has The Largest Financial Interest In The Relief Sought By The Class

Moab unquestionably has the largest financial interest in the relief sought by the Class. Courts in this district have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation. *See Woburn Ret. Sys. v. Salix Pharm., Ltd.*, No. 14-CV-8925 (KMW), 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").

As illustrated in the above chart, Moab incurred a net loss of approximately ***$14.8 million*** on a FIFO basis and ***$11.5 million*** on a LIFO basis on its investments in Macquarie's publicly traded securities—a loss multiples greater than the loss of any other movant, and significantly greater than the losses of all other movants ***combined***. Indeed, Moab's net LIFO loss is ***nearly three times greater***, and its FIFO loss is ***more than three times greater***, than the loss asserted by MERS, the movant with the next largest loss. Thus, Moab has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

4

### 2.      Moab Otherwise Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of this litigation, Moab otherwise satisfies Rule 23's typicality and adequacy requirements. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the strong presumption entitling Moab to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case, and any arguments to the contrary should be flatly rejected.

As demonstrated in its opening brief, Moab is a typical Class representative. Like all other Class members, Moab: (1) purchased Macquarie securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and omissions, and (3) was damaged thereby. *See Salix Pharm.*, 2015 WL 1311073, at *4; *Faig v. BioScrip, Inc.*, No. 13 Civ. 06922(AJN), 2013 WL 6705045, at *3 (S.D.N.Y. Dec. 19, 2013).

Moab also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Salix Pharm.*, 2015 WL 1311073, at *5; *BioScrip*, 2013 WL 6705045, at *3. There is no conflict of interest between Moab and the other Class members. To the contrary, the interests of Moab and the other Class members are directly aligned because all suffered damages from their purchases of Macquarie securities that were artificially inflated by Defendants' misconduct. Moab unquestionably has a sufficient financial interest in this case to ensure the vigorous prosecution of this litigation, and has demonstrated its commitment to prosecuting this action efficiently and in the best interests of the Class. Indeed, Moab is the very kind of sophisticated institutional investor that Congress sought to place in charge of securities class actions. *See* H.R. Conf. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. 733 (explaining that increasing the role of institutional

investors in securities class actions would benefit shareholders and assist courts by improving the quality of representation).

Moreover, Moab has already demonstrated its commitment to protecting the Class's interests by publicly advocating for replacement of the Macquarie directors who presided over the fraud alleged in this litigation. In Notices of Exempt Solicitation filed with the SEC on April 17, 2018 (attaching a letter to Macquarie's board dated the same day), May 3, 2018, and May 8, 2018, Moab urged Macquarie shareholders to vote against the incumbent directors because of, among other things, the same misrepresentations concerning Macquarie's liquid storage tank business that are alleged in this litigation.[2] Thus, Moab has already demonstrated that it is committed to zealously defending the Macquarie stockholder Class's interests, and in fact embodies the ideal institutional investor Lead Plaintiff envisioned by Congress in enacting the PSLRA.

Moab has further demonstrated its adequacy by selecting Bernstein Litowitz—counsel that is highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class. Accordingly, because Moab has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, the Court should appoint it as Lead Plaintiff.

### 3. The Presumption That Moab Should Be Appointed Lead Plaintiff Cannot Be Rebutted

To overcome the presumption entitling Moab to appointment as Lead Plaintiff, the PSLRA requires the remaining Lead Plaintiff movants to present ***proof*** that Moab is inadequate to serve as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also OFI Risk Arbitrages v. Cooper Tire & Rubber Co.*, 63 F. Supp. 3d 394, 402 (D. Del. 2014) ("the PSLRA requires 'actual proof' that

---

[2] *See* https://www.sec.gov/Archives/edgar/data/1289790/000092189518001367/0000921895-18-001367-index.htm, https://www.sec.gov/Archives/edgar/data/1289790/000092189518001555/0000921895-18-001555-index.htm, https://www.sec.gov/Archives/edgar/data/1289790/000092189518001595/0000921895-18-001595-index.htm.

the presumptive lead plaintiffs are inadequate representatives of the class or subject to unique defenses") (citing *In re Cendant*, 264 F.3d at 269). No such proof exists here.

**B.      Moab's Selection Of Lead Counsel Should Be Approved**

The Court should also approve Moab's selection of Bernstein Litowitz as Lead Counsel. As discussed more fully in Moab's opening brief, the PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Bernstein Litowitz has a long history of successfully litigating securities class actions on behalf of injured investors, including several landmark recoveries in cases that were litigated in this District. *See* ECF No. 36 at 8-9. Moab's selection of Bernstein Litowitz as Lead Counsel should therefore be approved.

**C.      The Related Actions Should Be Consolidated**

The above-captioned securities class actions, which are virtually identical, should be consolidated under Rule 42(a). *See, e.g.*, *BioScrip*, 2013 WL 6705045, at *1 (consolidating related actions that involved similar misrepresentations that allegedly artificially inflated the price of the defendant issuer's securities).

**CONCLUSION**

For the reasons discussed above, Moab respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) consolidate the Related Actions under Rule 42(a); (4) deny the competing motions for appointment as Lead Plaintiff; and (5) grant any further relief that the Court may deem just and proper.

Dated: July 9, 2018                                      Respectfully submitted,

*/s/ Avi Josefson*
Avi Josefson

7

Michael D. Blatchley
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Proposed Lead Plaintiff Moab
Partners, L.P. and Proposed Lead Counsel
for the Class*

Lori Marks-Esterman
John G. Moon
**OLSHAN FROME WOLOSKY LLP**
1325 Avenue of the Americas
New York, New York 10019
Telephone: (212) 451-2300
Facsimile: (212) 451-2222
lmarksesterman@olshanlaw.com
jmoon@olshanlaw.com

*Additional Counsel for Proposed Lead
Plaintiff Moab Partners, L.P*