UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------- x
CITY OF RIVIERA BEACH GENERAL           : Civil Action No. 1:18-cv-03608-VSB
EMPLOYEES RETIREMENT SYSTEM, on         :
Behalf of Itself and All Others Similarly : CLASS ACTION
Situated,                               :
                                        :
                Plaintiff,              :
                                        :
        vs.                             :
                                        :
MACQUARIE INFRASTRUCTURE                :
CORPORATION, JAMES HOOKE, JAY           :
DAVIS, LIAM STEWART and RICHARD D.      :
COURTNEY,                               :
                                        :
                Defendants.             :
--------------------------------------------------------- :
DANIEL FAJARDO, Individually and on     : Civil Action No. 1:18-cv-03744-VSB
Behalf of All Others Similarly Situated, :
                                        : CLASS ACTION
                Plaintiff,              :
                                        :
        vs.                             :
                                        :
MACQUARIE INFRASTRUCTURE                :
CORPORATION, JAMES HOOKE, JAY           :
DAVIS, LIAM STEWART and RICHARD D.      :
COURTNEY,                               :
                                        :
                Defendants.             :
--------------------------------------------------------- x

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MUNICIPAL
EMPLOYEES' RETIREMENT SYSTEM OF MICHIGAN'S MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF

1452380_1

Of the two remaining lead plaintiff movants, only one satisfies the Private Securities Litigation Reform Act of 1995's ("PSLRA") requirements: the Municipal Employees' Retirement System of Michigan ("MERS").

As anticipated, none of the competing movants substantively opposed MERS' motion, "'other than pointing out its relatively low[er] financial stake in the litigation.'" *See* ECF No. 43 at 15 (quoting *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *5 (D. Ariz. Apr. 7, 2008) (appointing pension fund as lead plaintiff despite the fact that it had the smallest financial interest because it "is the first [movant] to meet [the PSLRA's] standards")); *see also* ECF No. 45 at 2, 4 (merely noting that MERS' loss is smaller than Moab Partners, L.P.'s loss). For this reason alone, MERS' motion should be granted.

By contrast, it is clear that Moab Partners does ***not*** satisfy the PSLRA's requirements for appointment as lead plaintiff. *See* ECF Nos. 41, 43 at 1, 4-14. Despite the existence of readily apparent unique (and serious) defenses Moab Partners is subject to as evidenced by several public documents predating Moab Partners' motion, Moab Partners has consciously avoided mentioning, let alone attempted to explain, its private conversations with defendants or the ongoing war of words with defendants in which Moab Partners itself has been accused of misleading investors, preferring instead to parrot the Rule 23 requirements and conclusorily state they are satisfied. *See* ECF Nos. 36, 45.[1] The Court should decline Moab Partners' invitation to simply ignore the reality that these

---

[1] It is likely that Moab Partners will not only dismiss the incontrovertible evidence against its appointment as falling short of the PSLRA's requirement to rebut the presumption with proof of inadequacy, but may also proffer a belated declaration claiming its private conversations and public spat with defendants are all much ado about nothing. The Court should not be so easily persuaded that where there is smoke, there is not also fire. *See In re Peregrine Sys., Inc. Sec. Litig.*, 2002 WL 32769239, at *6-*7 (S.D. Cal. Oct. 11, 2002) (finding lead plaintiff movant failed to establish satisfaction of Rule 23 requirements and that declarations stating group only had public information were "insufficient to demonstrate the absence of issues unique to it which may sidetrack litigation at a later stage" and the "issues [regarding reliance and access to non-public information] loom too

- 1 -

serious facts will continue to distract Moab Partners.  The putative class should not be saddled with a lead plaintiff that remains, after two rounds of submissions, unwilling to even acknowledge the existence of the defenses it is subject to, let alone attempt to distinguish the case law precluding its appointment.  *See In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623-24 & n.4 (S.D.N.Y. 2015) (rejecting movant with largest individual financial interest because its prior "statements would provide fodder for defendants to argue that [it] relied on its own valuation of Petrobras securities, and not on their market price").

      Unlike Moab Partners, MERS is entirely typical and adequate.  No putative class member, including Moab Partners, has offered any reason why MERS would not be an ideal lead plaintiff in this case.  MERS' motion should be granted.

DATED:  July 16, 2018                       Respectfully submitted,

                                          ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                          SAMUEL H. RUDMAN
                                          DAVID A. ROSENFELD

                                               s/ David A. Rosenfeld
                                          DAVID A. ROSENFELD

                                          58 South Service Road, Suite 200
                                          Melville, NY  11747
                                          Telephone:  631/367-7100
                                          631/367-1173 (fax)
                                          srudman@rgrdlaw.com
                                          drosenfeld@rgrdlaw.com

---

large for the court to determine at this preliminary stage that the Remedy Group is able to adequately represent the interests of the remaining class members"); *Grace v. Perception Tech. Corp.*, 128 F.R.D. 165, 169-70 (D. Mass. 1989) ("It is beyond reality to suggest that any potential shareholder could meet with corporate officers to discuss information that was already available to the public. Personal contact with corporate officers and special meetings at the company will render a plaintiff atypical to represent the class.").

- 2 -

1452380_1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on July 16, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

1452380_1

**Mailing Information for a Case 1:18-cv-03608-VSB City of Riviera Beach General Employees Retirement System v. Macquarie Infrastructure Corporation et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com

- **Avi Josefson**
  avi@blbglaw.com,errol.hall@blbglaw.com,scott.foglietta@blbglaw.com,jesse.axman@blbglaw.com,AdamW@blbglaw.com,ross@blbglaw.com,jai@blbglaw.com,Mat

- **Robert N. Kaplan**
  rkaplan@kaplanfox.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,ahood@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Kim Elaine Miller**
  kim.miller@ksfcounsel.com,dawn.hartman@ksfcounsel.com,kimmiller225@yahoo.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`