```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MOAB PARTNERS, L.P.,                                        :
                                                            :
                              Lead Plaintiff,               :
                                                            :         18-CV-3608 (VSB)
CITY OF RIVIERA BEACH GENERAL                               :
EMPLOYEES RETIREMENT SYSTEM,                                :         OPINION & ORDER
                                                            :
                              Plaintiff,                    :
                                                            :
                  - against -                               :
                                                            :
MACQUARIE INFRASTRUCTURE                                    :
CORPORATION, et al.,                                        :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Jasmine P. Cooper-Little
Salvatore Jo Graziano
Jesse Lee Jensen
Avi Josefson
Bernstein Litowitz Berger & Grossmann LLP
New York, NY

Nicholas Stephen Hirst
Lori Marks-Esterman
John G. Moon
Olshan Frome Wolosky LLP
New York, NY

William Eugene Freeland
Bleichmar Fonti & Auld LLP
New York, NY
*Counsel for Lead Plaintiff*

Kerry Donovan
John Erik Schreiber
Winston & Strawn LLP
Los Angeles, CA and New York, NY

Richard Walter Reinthaler
Pinehurst, NC
*Counsel for Defendants Macquarie Infrastructure Corp., James Hooke, Jay Davis, Liam Stewart, Richard D. Courtney, Robert Choi, Martin Stanley, Norman H. Brown, Jr., George W. Carmany III, Henry E. Lentz, Ouma Sananikone, and William H. Webb*

Justin Gabriel Ben-Asher
Evan Goldstick
Christopher Martin Paparella
Steptoe LLP
New York, NY
*Counsel for Defendant Macquarie Infrastructure Management (USA) Inc.*

Alison Rebecca Gross Benedon
Susanna Michele Buergel
Paul, Weiss, Rifkind, Wharton & Garrison LLP
New York, NY
*Counsel for Defendant Barclays Capital Inc.*

<u>VERNON S. BRODERICK</u>, United States District Judge:

Before me is Lead Plaintiff Moab Partners, L.P.'s ("Plaintiff") motion, (Doc. 177), for a partial lift of the Private Securities Litigation Reform Act's ("PLSRA") automatic discovery stay, *see* 15 U.S.C. § 78u-4(b)(3)(B). For the reasons that follow, Plaintiff's motion is DENIED IN PART to the extent that it seeks to serve requests for production, but GRANTED IN PART so that Plaintiff may serve document-preservation subpoenas on certain third parties.

I.      **Background**

In this securities class action, Plaintiff alleges that Defendants misstated or made half-truthful statements regarding the effect that a regulation limiting the use of No. 6 fuel oil would have on Defendants' business, which involved storing No. 6 fuel oil. (*See* Doc. 181 ¶¶ 1, 5.) I assume the parties' familiarity with the relevant facts and procedural history from the numerous prior decisions in this action. *See City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608, 2021 WL 4084572 (S.D.N.Y. Sept. 7, 2021); *Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524, 2022 WL 17815767 (2d Cir. Dec.

20, 2022) (summary order); *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257 (2024); *Moab Partners, L.P. v. Macquarie Infrastructure Corp.*, No. 21-2524, 2024 WL 4356386 (2d Cir. Oct. 1, 2024) (summary order).

On November 7, 2024, the Second Circuit Court of Appeals issued its most recent mandate in this case. (Doc. 174.) On November 19, 2024, Plaintiff moved for a partial lift of the PLSRA's automatic discovery stay. (*See* Doc. 177.) The same day, Plaintiff filed a memorandum of law, (Doc. 178 ("Mem.")), and a declaration, (Doc. 179), in support of the motion. Defendants filed an opposition brief on November 26, 2024, (Doc. 182 ("Opp'n")), along with a supporting declaration, (Doc. 183). On that same day, Plaintiff filed a consolidated amended class action complaint, (Doc. 181). Plaintiff replied on December 2, 2024. (Doc. 184 ("Reply").)

On January 10, 2025, Defendant Macquarie Infrastructure Management (USA) Inc. ("MIMUSA"), Defendant Macquarie Infrastructure Corporation ("MIC") and Defendants James Hooke, Jay Davis, Liam Stewart, Richard D. Courtney, Robert Choi, Martin Stanley, Norman H. Brown, George W. Carmany III, Henry E. Lentz, Ouma Sananikone and William H. Webb (collectively with MIC, the "MIC Defendants"), and Defendant Barclays Capital Inc. ("Barclays" and, collectively, with MIMUSA and the MIC Defendants, the "Defendants") moved to dismiss the consolidated amended class action complaint, (Doc. 181). (*See* Docs. 185, 187, 189.) That same day, MIMUSA and MIC filed memoranda of law in support of their motions to dismiss, (Docs. 186, 188), the MIC Defendants filed a supporting declaration, (Doc. 191), and Barclays filed a notice of joinder joining MIC's memorandum of law in support of its motion to dismiss, (Doc. 190). On February 24, 2025, Plaintiff filed an omnibus opposition to the motions to dismiss filed by MIMUSA, the MIC Defendants, and the notice of joinder filed by Barclays,

3

(Doc. 194), and a declaration in support of its opposition, (Doc. 195).  On March 13, 2025, the MIC Defendants and MIMUSA filed reply memoranda in support of their motions to dismiss, (Docs. 198, 201), the MIC Defendants filed a supporting declaration, (Doc. 199), and Barclays filed a joinder to the reply memorandum in support of the MIC Defendants' motion to dismiss, (Doc. 200).

On April 3, 2025, Plaintiff filed a letter advising me of a recent decision that it alleges bears upon certain arguments made in the pending motions to dismiss, (Doc. 206), and on April 8, 2025, the MIC Defendants filed a letter in response to Plaintiff's letter, (Doc. 207).

## II.    Discussion

The PSLRA provides that "[i]n any private action arising under" the statute, "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."  15 U.S.C. § 78u-4(b)(3)(B).  The automatic stay applies to "non-parties," *Mori v. Saito*, 802 F. Supp. 2d 520, 527 (S.D.N.Y. 2011) (internal quotation marks omitted), and includes "preservation subpoenas," *Koncelik v. Savient Pharms., Inc.*, No. 08-CV-10262, 2009 WL 2448029, at *1 (S.D.N.Y. Aug. 10, 2009).  See *McBryde-O'Neal v. Polichetti*, No. 23-CV-10113, 2024 WL 195571, at *2 (S.D.N.Y. Jan. 17, 2024).

In this context, "particularized" means the request "is directed at specific persons and identifies specific types of evidence that fall within its scope," and "undue prejudice" means "improper or unfair treatment amounting to something less than irreparable harm."  *Mori*, 802 F. Supp. 2d at 523–24 (internal quotation marks omitted); *see also, e.g.*, *Gruber v. Gilbertson*, No. 16-CV-9727, 2017 WL 3891701, at *1–2 (S.D.N.Y. Sept. 5, 2017); *Mangrove Partners Master Fund, LP v. 683 Cap. Partners, LP*, No. 20-CV-2290, 2020 WL 7335313, at *2–3 (S.D.N.Y. Dec.

4

14, 2020). To show discovery is "necessary to preserve evidence," a party must "make a specific showing that the loss of evidence is imminent as opposed to merely speculative." *In re Vivendi Universal, S.A. Sec. Litig.*, 381 F. Supp. 2d 129, 130 (S.D.N.Y. 2003) (internal quotation marks omitted).

To begin, Plaintiff's argument that some of its claims have survived dismissal is irrelevant to deciding this motion. (*See* Mem. 2, 8.) The text of the statute unambiguously states that the automatic stay applies "during the pendency of any motion to dismiss." 15 U.S.C. § 78u-4(b)(3)(B). *See also Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, No. 19-CV-10067, 2022 WL 1663560, at *1 (S.D.N.Y. May 25, 2022) ("The statutory text is crystal clear. In mandatory prose, it provides that *all* discovery shall be stayed during the pendency of *any* motion to dismiss."). It does not matter that Plaintiff partially won its appeals of prior motions to dismiss, because "the stay applies to successive motions to dismiss." *Sedona Corp. v. Ladenburg Thalmann*, No. 03-CV-3120, 2005 WL 2647945, at *3 (S.D.N.Y. Oct. 14, 2005) (citing, *inter alia*, *Faulkner v. Verizon Commc'n, Inc.*, 156 F. Supp. 2d 384, 406 (S.D.N.Y. 2001); *S. Pac. Funding Corp. Sec. Litig.*, 83 F. Supp. 2d 1172, 1175 n.1 (D. Or. 1999); *Powers v. Eichen*, 961 F. Supp. 233, 236 (S.D. Cal. 1997)). It is true that a purpose of the automatic stay is to "protect defendants . . . from the burden and expense of premature discovery . . . until the court sustains the sufficiency of the complaint." *Gruber*, 2017 WL 3891701, at *1 (internal quotation marks omitted). Plaintiff may be right that staying discovery while a successive motion to dismiss is pending does not serve this purpose, since I would have already "sustain[ed] the sufficiency of the complaint." *Id*. (internal quotation marks omitted). However, "the mere fact that the PSLRA's goals would not be frustrated by the lifting of the stay is not sufficient to warrant" lifting the stay. *Mori*, 802 F. Supp. 2d at 527 (alteration adopted and internal quotation marks

5

omitted). Plaintiff must still demonstrate that it has a need for "particularized discovery" either "to preserve evidence or to prevent undue prejudice." 15 U.S.C. § 78u-4(b)(3)(B).

I next address whether the discovery sought is "particularized," that is, that it "is directed at specific persons and identifies specific types of evidence that falls within its scope." *Mori*, 802 F. Supp. 2d at 523. Plaintiff submitted its proposed requests for production to: (1) Defendants, (Doc. 179-1); (2) Defendants' related entities, (Docs. 179-2, 179-7); and (3) certain third parties, (Docs. 179-3–179-6, 179-8–179-12). The proposed discovery request to Defendants seeks the production of documents related to: (1) "No. 6 fuel oil"; (2) "IMO 2020 or any other regulation . . . that related to commodities stored by IMTT"; (3) "compliance of Macquarie's public SEC filings"; (4) "the certifications in Macquarie's publicly-filed financial statements"; (5) "any due diligence . . . regarding [a November 2016] Offering"; (6) "the Epic Acquisition"; (7) Defendants' communications with financial analysts regarding these subject matters or any other subject matter at issue in the complaint; and (8) "Defendant Hooke's resignation as [CEO] of Macquarie." (Doc. 179-1 at 9–12.) The other proposed discovery requests to Defendants' related entities and to certain third parties seek one or more of these categories of documents, as relevant to the particular entity to which the request is addressed. (*See* Docs. 179-2–179-12).

I find that these requests are sufficiently particularized. They each direct a particular party to produce "discrete categories of documents" as relevant to Plaintiff's various claims. *Gruber*, 2017 WL 3891701, at *2 (determining that requests for specific categories of documents from particular parties was sufficiently particularized). Contrary to Defendants' assertion, Plaintiff does not seek "an open-ended, boundless universe of discovery," (Opp'n 9 (quoting *Mishkin v. Ageloff*, 220 B.R. 784, 793 (S.D.N.Y. 1998))), because Plaintiff's identification of

6

specific topics relevant to its claims bounds the galaxy of documents from which a responding party may draw, *see Jiang v. Chirico*, No. 23-CV-1258, 2024 WL 3104817, at *6 (S.D.N.Y. June 24, 2024). Seeking production or preservation of a "clearly defined" set of documents that are directly relevant to Plaintiff's claims is not "a fishing expedition or an abusive strike suit." *In re WorldCom, Inc. Sec. Litig.*, 234 F. Supp. 2d 301, 306 (S.D.N.Y. 2002).

      I next address whether Plaintiff will suffer undue prejudice absent the discovery it seeks. Plaintiff's only argument on this score is that it is prejudicial to wait for discovery on the claims that the Second Circuit revived. (*See* Mem. 6–7.) Putting aside the fact that Defendants disagree with Plaintiff concerning the scope of the remaining claims, (*see* Opp'n 8), Plaintiff's argument lacks merit, because delay from the operation of the automatic-stay provision is not itself undue prejudice that warrants lifting the stay. *See Mori*, 802 F. Supp. 2d at 526 (explaining that "undue prejudice does not arise 'from a delay in the gathering of evidence or the development of settlement or litigation postures' because this 'delay is an inherent part of every stay of discovery required by the PSLRA'" (quoting *In re Smith Barney Transfer Agent Litig.*, No. 05-CV-7583, 2006 WL 1738078, at *2 (S.D.N.Y. June 26, 2006))).

      Finally, I address whether Plaintiff has shown that discovery is necessary to preserve evidence. Defendants affirm that, consistent with the obligation on any defendant in federal court, *see Gruber*, 2017 WL 3891701, at *3, MIC has preserved all potentially relevant documents in its and IMTT's possession, (*see* Doc. 183-2). Plaintiff speculates that Defendants' document-preservation efforts may be insufficient, but given Defendants' preservation obligations, such an "unsubstantiated averment" does not justify lifting the stay. *Mangrove*, 2020 WL 7335313, at *4.

7

The third parties from whom Plaintiff seeks discovery, on the other hand, are not under an obligation to preserve relevant documents. *See Gruber*, 2017 WL 3891701, at *4. An entity's "'status as a non-party significantly increases the risk that evidence may be lost' absent an express preservation notice," therefore, "'courts have generally permitted plaintiffs in PSLRA actions to issue subpoenas [to give] specified third parties notice of the action and impose upon them only a duty to preserve certain relevant evidence in their possession.'" *Id*. (quoting *In re Smith Barney*, 2012 WL 1438241, at *3). I find that, with respect to non-parties Alembic Global Advisors LLC; Blue Water Energy LLP; J.P. Morgan Chase & Co.; KPMG LLP; Oppenheimer & Co.; RBC Capital Markets, LLC; SunTrust Robinson Humphrey, Inc.; Wells Fargo Securities, LLC; and White Deer Energy, (*see* Docs. 179-3–179-6, 179-8–179-12), Plaintiff has identified a need to preserve evidence. I will therefore grant Plaintiff's alternative request to issue document preservation subpoenas to these parties.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. Plaintiff's request to lift the discovery stay to serve requests for production is DENIED. Plaintiff's request to partially lift the discovery stay to serve document preservation subpoenas on third-parties Alembic Global Advisors LLC; Blue Water Energy LLP; J.P. Morgan Chase & Co.; KPMG LLP; Oppenheimer & Co.; RBC Capital Markets, LLC; SunTrust Robinson Humphrey, Inc.; Wells Fargo Securities, LLC; and White Deer Energy is GRANTED.

SO ORDERED.

Dated: July 24, 2025
      New York, New York

                                       Vernon S. Broderick
                                       United States District Judge